IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-31   J |
| | ) | |
| WILLIAM M. JONES | ) | **[UNDER SEAL]** |

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

I. THE INDICTMENT

A Federal Grand Jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Receipt of Material Involving the Sexual Exploitation of a Minor, on or about February 6, 2017. | 18 U.S.C. § 2252(a)(2) |
| 2 | Possession of Material Involving the Sexual Exploitation of a Minor, on or about September 18, 2019. | 18 U.S.C. § 2252(a)(4)(B) |
| 3 | Felon in Possession of a Firearm/Ammunition on or about September 18, 2019. | 18 U.S.C. § 922(g)(1) |

## II. ELEMENTS OF THE OFFENSE

A. As to Count One: In order for the crime of receipt of material depicting the sexual exploitation of a minor, in violation of Title 18, United Sates Code, Section 2252(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received a visual depiction of a minor using any means or facility of interstate or foreign commerce, including the Internet or a computer;

> United States v. Husmann, 765 F.3d. 169 (3d Cir. 2014); United States v. Finley, 726 F.3d 483 (3d Cir. 2014); United States v. Woerner, 709 F.3d 527 (5th Cir. 2013).

2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

> United States v. Woerner, 709 F.3d 527 (5th Cir. 2013); United States v. Chambers, 441 F.3d. 438 (6th Cir. 2006); United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004); United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Lacy, 119 F.3d 742, 748-49 (9th Cir. 1997).

3. That the visual depiction was of a minor engaging in sexually explicit conduct.

> United States v. Woerner, 709 F.3d 527 (5th Cir. 2013); Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Irving, 452 F.3d 110 (2d Cir. 2006); United States v. Hilton, 386 F.3d 13 (1st Cir. 2004); United States v. Marchand, 308 F. Supp. 2d 498 (D.N.J. 2004).

B. As to Count Two: In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section

2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1. That the defendant knowingly possessed, or accessed with intent to view, one or more items which contained a visual depiction of a minor(s) engaging in sexually explicit conduct.

> United States v. Heller, 551 F.3d. 1108 (9th Cir. 2009); United States v. Tucker, 305 F.3d 1193 (10th Cir. 2002); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001).

  2. That the visual depiction or the item which contained the visual depiction had been mailed, transported or shipped in or affecting interstate or foreign commerce, or had been produced using materials which had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

> United States v. Chambers, 441 F.3d. 438 (6th Cir. 2006); United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004); United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Lacy, 119 F.3d 742, 748-49 (9th Cir. 1997).

  3. That the production of such visual depictions (images) involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in 18 U.S.C. § 2256, and such visual depiction is of such conduct.

> Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Irving, 452 F.3d 110 (2d Cir. 2006); United States v. Hilton, 386 F.3d 13 (1st Cir. 2004); United States v. Marchand, 308 F. Supp. 2d 498 (D.N.J. 2004).

  4. That the defendant knew that the production of the visual depiction involved the use of a minor(s) engaging in sexually explicit conduct, and portrayed a minor(s) engaging in that conduct.

> U.S. v. X-citement Video, 513 U.S. 64 (1994); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001); United States v. Matthews,

3

209 F.3d 338 (2d Cir. 2000); United States v. Knox, 32 F.3d 733 (3d Cir. 1994).

    5. That the images involved prepubescent minors or minors who have not attained 12 years of age.

   C. As to Count Three: In order for the crime of unlawful possession of a firearm/ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

    2. That after this conviction, defendant knowingly possessed the firearms described in indictment; and

    3. That defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G.

## III. PENALTIES

   A. As to Count One: Receipt of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(2).

    1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of

4

children, the defendant shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

    2. A fine of $250,000.00.

    3. A term of supervised release of at least five years and up to life.

  B. As to Count Two: Possessing material involving the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

    1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

    2. A fine of $250,000, 18 U.S.C. § 3571(b)(3).

    3. A term of supervised release of at least five (5) years, or life, 18 U.S.C. § 3583(k).

  C. As to Count Three: Unlawful possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

    1. A term of imprisonment of not more than ten (10) years. However, if it is determined the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less

5

than fifteen (15) years to a maximum of life imprisonment.

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. § 3013, as the offense occurred on or after April 24, 1996. An additional special assessment of $5000.00 must be imposed if the defendant is convicted as the offense was committed after May 29, 2015, and the offense is located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

## V. RESTITUTION

Restitution is mandatory pursuant to 18 U.S.C. § 2259(a).

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

_/s/ Arnold P. Bernard, Jr._
ARNOLD P. BERNARD, JR.
Assistant U.S. Attorney
PA ID No. 313734